(Court of Appeal, Parish of Orleans.)

# BERNHARD TEUTCH VS. LOUISVILLE & NASHVILLE RAILROAD CO.

Where a contract of affreightment for the carriage of a carload of live stock stipulates for the assumption by the shipper of all risks of injury, loss or damages to the shipment, except where the injury, loss or damage is the result of the carrier's negligence, and the stock is injured, lost or damaged during the transit in some unexplained way, the proof that the carrier was not negligent in operating and handling the car is a defence to a suit brought to recover for such injury, loss or damage.

Appeal from Civil District Court, Division "B."

Bernard Titche, for Plaintiff and Appellee.

Denegre & Blair, H. H. Chaffe, for Defendant and Appellant.

MOORE, J. The plaintiff sued for damages for an alleged breach of contract to convey twenty-six horses of defendant from Cincinnati to New Orleans. The petition alleges that through the negligence of defendant and its faulty and defective equipment twelve of the horses reached destination in a damaged condition and that as a consequence of the injuries received during transportation, four of the horses subsequently died. The amount sued for is $1,298.50, of which $705.00 is the sum claimed as the value of the four horses which died, and the sum of $434.00 is claimed as the extent of the injuries to the remaining eight horses.

The other items, aggregating $159.50, are for services of the veterinarian who treated the horses and for a lot of halters.

The answer admits the contract of carriage for the twenty-six horses but avers that the terms and conditions therefor were embodied in a written contract in which it is stipulated that, in consideration of a reduced rate of freight charges and a free transportation to the owner of the horses or his agent, the shipper assumed all risks of injury, loss or damage resulting from any cause except the carrier's negligence; that it is further

stipulated that in no event shall the carrier's liability exceed seventy-five dollars per head for the animals and finally it denies that the defendant or its servants and employees were guilty of negligence in the handling and transportation of said animals, or that its equipments were faulty or defective.

There was judgment in favor of plaintiff and against defendant for the full amount sued for and the latter appeals.

The facts are that the twenty-six horses were shipped as one car load from Cincinnati to New Orleans over defendant's road under a written contract of affreightment signed by both the consignor, to whose order the shipment was made, and the defendant company, by which it is stipulated that, in consideration of the defendant carrying the horses at a greatly reduced rate, to-wit, the sum of $108.00 per car and $3.00 additional B. & O. switching, (the evidence showing that the regular rate is $216.00 per car), and of its furnishing to the shipper or his agent free transportation on the train with the said live stock, x x x x the shipper

"hereby releases said carrier from all liability for and on account of any and all injury or injuries which the said animals, or any of them, may receive in consequence of any of them being vicious, wild, unruly or weak; and in consequence of any of them being killed, maimed, bruised, or otherwise injured; and in consequence of heat, suffocation or other ill effects of being crowded in the cars; and in consequence of being injured by the burning of hay, straw or the material used by the shipper or his agent for feeding or bedding the said animals, or otherwise, and also from all damage or injury or loss which may be sustained by reason of any delay or detention in such transportation whether occasioned by any mob, strike or threatened violence to person or property from any source, and from any injury to track or yards and from any and all other causes, whether mentioned herein or not, and from all escape of any of the said animals, and for loss or damage to said animals from any cause or thing whatsoever not resulting from the negligence of the agents or servants of said carrier."

On the arrival of the horses at New Orleans it was found that twelve of them were injured by being, more or less, skinned

—33—

or scratched or cut or bruised and some of them suffering from what is called by the witness "shipping fever," which is explained by them as being "a form of influenza, likened to the grippe, and which come from change of climate and which frequently happens in shipping horses."

Following the day of their arrival one of the horses died, and within a period of about two weeks thereafter, three others died.

It is not shown to what cause may be attributed the injuries stated, nor does it appear that the death of the four horses was the consequence of the injuries which they received en route.

On the contrary neither the veterinary surgeon who attended them when they were under treatment, nor any other witnesses who testified, can say what was the cause of their death.

So also is there no proof by plaintiff of his allegations of negligence "on the part of defendant, its servants and employes," and of "its faulty and defective equipment."

The affirmative, indisputed evidence on the other hand, however, is that the train and car were properly handled by the employees of the defendant company and that its equipments were ample and good.

The contention of the appellant, based upon this showing on its part, is that the contract stipulation to the effect that the shipper assumed all risk of loss or damage, except such as may result from the carrier's negligence, is a sufficient defense to the present action.

This contention is fully supported by a decision recently handed down by the Supreme Court of this State in suit entitled J. D. Simms & Sons vs. New Orleans and Northeastern R. R. Co., No. 17,212 of the docket, decided November 4, 1908, and not yet reported.

The facts in that case are somewhat similar to the facts here and the stipulation in the instant cause, and as stated *supra,* is substantially like the one in the Simms case.

In discussing the effect of the stipulation the Court said:

"As the waiver covers *all* risks incidental to the transportation of a carload of mules, proof of non-negligence of the carrier, seems to be a sufficient defence.

"Under the waiver the shipment was the shipper's risk barring the negligence of the carrier.

"The *precise* cause of the injury is immaterial if it did not result from the negligence of the carrier. * * * * The contention that the waiver was void for want of consideration is without merit, as the contract recites and the evidence shows that the consideration was a reduced rate of freight and a free passage for the shipper."

It is therefore ordered, adjudged and decreed, that the judgment appealed from be and the same is hereby avoided, set aside and reversed and that plaintiff's suit be dismissed at his cost in both Courts.

November 23, 1908.

Rehearing refused January 11, 1909.

Writ refused by Supreme Court February 18, 1909.